IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Troy Dewitt Savedge, ) | |
| ) | |
| ) | Civil Action No.: 2:19-cv-01046-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 27, 2020. (ECF No. 14.) The Report addresses Plaintiff Troy Dewitt Savedge's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 15-16.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-9.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 9-2 at 19-20.) Although the ALJ found Plaintiff had the medically determinable impairments of right hand contractures, residual effects of chemotherapy, Hodgkin's disease in remission, a seizure disorder, and right shoulder pain (*Id.* at 15), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to

1

perform light work with additional restrictions (*Id.* at 16). The ALJ also discounted one of Plaintiff's treating physicians. (*Id.*)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 3.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on April 10, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 14 at 15-16.) Specifically, the Magistrate Judge found the ALJ properly applied the medical improvement standard and observed that "[t]he record plainly shows . . . Plaintiff's Hodgkin's disease was in remission." (*Id.* at 11.) Moreover, the Magistrate Judge explained Plaintiff's other medically determinable impairments did not meet or equal a Listing. (*Id.*) The Magistrate Judge then observed that Plaintiff primarily contended "his impairments are too severe to justify a finding that he was able to perform substantial gainful activity," while pointing to alleged limitations stemming from his left hand, right shoulder, chronic kidney disease, chronic fatigue, headaches, and dizziness. (*Id.*) In response, the Magistrate Judge noted that Plaintiff supported these allegations by citing his own subjective complaints in the record. (*Id.* at 12.) Further, the Magistrate Judge explained that the ALJ discounted Plaintiff's subjective statements because the severity of his "symptoms are not entirely consistent" with the overall record. (*Id.*) The Magistrate Judge went on to highlight medical opinion evidence supporting the ALJ's decision, including Dr. Pravin

2

Patel's opinion that Plaintiff had a left hand grip strength of "4+/5"; Dr. Rebecca Meriwether's opinion "that Plaintiff could perform frequent handling and occasional fingering in July 2015"; and the opinions of "several doctors not[ing] Plaintiff's chronic kidney disease, fatigue, headaches, and dizziness" without any "mention of notable treatment for these conditions." (*Id.* at 11-12.) Lastly, the Magistrate Judge emphasized the ALJ adequately addressed Plaintiff's hand limitations when determining the RFC. (*Id.* at 13-14.)

On July 27, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 17.) Plaintiff thereafter offered timely objections to the Report, including allegations that the ALJ improperly applied the medical improvement standard and failed to find severe impairments with Plaintiff's hands. (ECF No. 15 at 1-3.) In response to Plaintiff's objections, the Commissioner asks the court to adopt the Report because the ALJ's decisions were supported by substantial evidence. (ECF No. 16.) The Commissioner further notes that many of Plaintiff's objections simply rely on his own subjective complaints for support. (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely

filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff essentially contends that, even though his Hodgkin's disease was in remission, other "new and significant impairments" arose from Hodgkin's disease and its treatments. (ECF No. 15 at 1-2.) Plaintiff objects to the ALJ's analysis of these other alleged impairments.[1] (*Id.*

---

[1] Plaintiff also briefly objects to the Magistrate Judge's "finding that the disability examiner's opinion should be afforded greater weight than that of the treating doctors." (ECF No. 14 at 4.)

4

at 2-3.) Moreover, Plaintiff stresses he has severe impairments impacting both of his hands.[2] (*Id.* at 3-4.) The Commissioner counters that the ALJ properly found Plaintiff's Hodgkin's disease was in remission, and then "appropriately moved on in the sequential evaluation process[] and assessed Plaintiff's RFC before deciding that his disability ended." (ECF No. 14 at 3.) Furthermore, the Commissioner observes the Magistrate Judge correctly identified substantial evidence necessary to affirm the ALJ's decision. (*Id.* at 1-5.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district

---

This objection is overruled. The court is unable to locate (and Plaintiff did not cite) this finding in the record. Regardless, to the extent the ALJ discounted treating physician Dr. Sreenivas Rao, the court finds substantial evidence supported this decision, as the ALJ highlighted inconsistencies between the doctor's opinions and the overall medical record. (ECF No. 9-2 at 17-18.) The court further notes substantial evidence supported the ALJ's assignment of weight with the remaining opinion evidence in the case.

[2] Plaintiff claims "[t]he contractures he has in both hands caused him such pain that he had surgery to fuse *two fingers* together in his left hand." (ECF No. 15 at 2 (emphasis added).) Yet the Commissioner points out (and the record confirms) this extreme procedure never occurred. Instead, it appears Plaintiff had two joints in the same finger fused together (ECF No. 9-8 at 9, 11-12), which is consistent with Plaintiff's testimony that he has a rod in his left pinky finger (ECF No. 9-2 at 37).

court review") (citation and internal marks omitted).

Here, the court concludes Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 14 at 9-16.) Moreover, Plaintiff's objections substantively mirror the arguments raised in his prior briefing, including failing to properly apply the medical improvement standard and evaluate Plaintiff's other alleged impairments (*compare* ECF Nos. 11 at 2, 6-10; 13 at 1-3 *with* ECF No. 15 at 1-3); and erroneously concluding Plaintiff's hands were not severely impaired (*compare* ECF No. 11 at 10-13 *with* ECF No. 15 at 3-5).

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 9, 2020
Columbia, South Carolina